IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,**<br><br>    Plaintiff,<br><br>v.<br><br>**TINA WHITE,**<br>**JAZMINE MONIQUE WHITE,**<br>**MARQUIS ANTWAN WHITE,**<br>**K.W., a Minor,**<br>**ALICE TOWNSEND, and**<br>**GRANBERRY MORTUARY, INC.,**<br><br>    Defendants. | Case No. _____ |

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff, American General Life Insurance Company, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to Rule 22 against Defendants Tina White, Jazmine Monique White, Marquis Antwan White, K.W., a Minor, Alice Townsend, and Granberry Mortuary, Inc., and states as follows:

### Parties

1. American General Life Insurance Company ("American General") is a Texas insurance company with its principal place of business in Houston, Texas.

2. Upon information and belief, Tina White is a citizen and resident of the State of Missouri, residing in St. Louis County.

3. Upon information and belief, Jazmine Monique White is a citizen and resident of the State of Missouri, residing in St. Louis County.

1

4. Upon information and belief, Marquis Antwan White is a citizen and resident of the State of Missouri, residing in St. Louis County.

5. Upon information and belief, K.W., a Minor, is a citizen and resident of the State of Missouri, residing in St. Louis County.

6. Upon information and belief, Alice Townsend is a citizen and resident of the State of Missouri, residing in St. Louis County.

7. Upon information and belief, Granberry Mortuary, Inc. is a Missouri corporation with its principal place of business in St. Louis County.

## Jurisdiction and Venue

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as Plaintiff is a citizen of the State of Texas and Defendants are citizens of the State of Missouri. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one of the Defendants resides in St. Louis County, Missouri, which is in the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. § 105(a)(1).

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because all of the Defendants reside in this District.

## Factual Background

11. On or about July 28, 2008, American General issued life insurance policy number YMD01178929 with a face amount of $1,000,000 (the "Policy") insuring the life of Jimmie White (hereinafter, the "Decedent").

12. Defendant Tina White, the Decedent's spouse, was designated as the 100% primary beneficiary in the application for the Policy. No contingent beneficiary was designated.

13. On or about June 7, 2019, American General received a change of beneficiary form designating the following beneficiaries for the Policy:

    a. Defendant Jazmine Monique White, the Decedent's daughter, 25% primary beneficiary.

    b. Defendant Marquis Antwan White, the Decedent's son, 25% contingent beneficiary.

    c. Defendant K.W., a Minor, the Decedent's daughter, 25% contingent beneficiary.

    d. Defendant Alice Townsend, the Decedent's mother, 20% contingent beneficiary.

    e. Defendant Tina White, the Decedent's spouse, 5% contingent beneficiary.

*See* June 7, 2019 Change of Beneficiary Form, a copy of which is attached hereto as **Exhibit A**.

14. On or about June 12, 2019, American General sent the Decedent a letter advising that the June 7, 2019 Change of Beneficiary Form was rejected by American General because the allocation to primary beneficiaries and to contingent beneficiaries did not each total 100%.

15. On or about June 24, 2019, American General received a change of beneficiary form designating Defendants Jazmine Monique White, Marquis Antwan White, K.W., a Minor, and Alice Townsend each as 25% primary beneficiaries of the Policy. *See* June 24, 2019 Change of Beneficiary Form, a copy of which is attached hereto as **Exhibit B**.

16. Upon information and belief, the Decedent died on August 25, 2020.

17. As a result of the death of the Decedent, the Policy's death benefit of $1,000,000 became due and payable to the beneficiary or beneficiaries.

18. On or about August 31, 2020, Defendants Jazmine Monique White and Marquis Antwan White each submitted a claim for benefits as beneficiaries of the Policy. *See* August 31, 2020 Claim Forms, copies of which are attached hereto as **Exhibit C**.

19. On or about September 9, 2020, counsel for Defendant Tina White notified American General of her contention that Defendant Tina White is the correctly named valid beneficiary of the Policy. *See* September 9, 2020 Letter, a copy of which is attached hereto as **Exhibit D**.

20. On or about September 14, 2020, Defendant Alice Townsend submitted a claim for benefits as a beneficiary of the Policy. *See* September 14, 2020 Claim Form, a copy of which is attached hereto as **Exhibit E**.

21. Upon information and belief, one of the beneficiaries of the Policy assigned a portion of their interest in the Policy death benefit to Defendant Granberry Mortuary, Inc.

## Count One

### Interpleader Relief

22. American General incorporates Paragraphs 1-21 herein by reference.

23. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

24. American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

25. American General neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

26. American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

27. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

28. Following the filing of this Complaint for Interpleader Relief, American General will move for leave to deposit into the registry of the Court the benefits due and owing under the Policy, plus accrued interest, if any.

29. American General alleges that it is entitled to interpleader relief pursuant to Rule 22 of the Federal Rules of Civil Procedure and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

**Relief Requested**

WHEREFORE, Plaintiff American General Life Insurance Company requests the following relief:

a. That Defendants be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Policy Number YMD01178929 and on account of the death of Jimmie White, and that said injunction issue without bond or surety;

b. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Policy Number YMD01178929;

d. That this Court discharge American General of and from any and all further liability under Policy Number YMD01178929 and on account of the death of Jimmie White;

e. That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

f. That this Court enter an order awarding American General its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under Policy No. YMD01178929; and

g. That this Court grant American General such other and further relief as this Court deems just and equitable.

Dated: November 6, 2020	Respectfully submitted,

s/ Rebecca McLaughlin
Rebecca McLaughlin #71969MO
DOWN BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
rmclaughlin@dowdbennett.com

Attorneys for Plaintiff American General
Life Insurance Company

7