IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

     **Plaintiff,**

v.

TINA WHITE,
JAZMINE MONIQUE WHITE,
MARQUIS ANTWAN WHITE,
K.W., a Minor,
ALICE TOWNSEND, and
GRANBERRY MORTUARY, INC.,

     **Defendants.**

Case No. 4:20-cv-01586

## AMERICAN GENERAL'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff American General Life Insurance Company ("American General"), by its undersigned counsel, hereby submits the foregoing Response in Opposition to the Motion to Dismiss (Doc. 8) filed by Defendants Jazmine White, Marquis White and Alice Townsend ("Defendants").

## ARGUMENT

**A.**    **This Court Has Subject Matter Jurisdiction of this Case Pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a).**

In their Motion to Dismiss, Defendants claim that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1335. Section 1335 authorizes stakeholders to bring actions in interpleader in federal courts if the amount at issue exceeds $500 and "minimal diversity," i.e.,

diversity of citizenship between two or more adverse claimants, is present. Defendants claim that the requirements for statutory interpleader jurisdiction are not present because all of the competing claimants in this case are residents of Missouri. Doc. 8 at 5-7. Defendants' argument is completely misguided.

Statutory interpleader under 28 U.S.C. § 1335 is not the only source of jurisdiction available for stakeholders. As set out in its Complaint for Interpleader Relief, American General seeks interpleader relief pursuant to Rule 22 of the Federal Rules of Civil Procedure. Doc. 1 at ¶¶ 22-29. While Fed. R. Civ. P. 22 does not itself grant the Court subject matter jurisdiction, the Court nevertheless has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists. As set forth in the Complaint for Interpleader Relief, American General is a citizen of the State of Texas and each Defendant is a citizen of the State of Missouri. *Id.* at ¶¶ 1-7. Further, the amount of the life insurance proceeds in dispute is $1,000,000. *Id.* at ¶ 11. As a result, Defendants' argument that this Court lacks subject matter jurisdiction based upon the failure to meet the requirements of 28 U.S.C. § 1335 is misplaced.

Moreover, to the extent Defendants claim that this Court lacks subject matter jurisdiction because "if [American General] is granted the dismissal it seeks, the remaining defendants will all be residents of the state of Missouri," this argument is similarly misplaced. *See* Doc. 8 at ¶ 30. In essence, Defendants argue that although diversity jurisdiction may exist at the present time, it will no longer exist if American General is discharged from this case and the remaining defendants— who are all citizens of Missouri—are left to resolve the issue of entitlement to the life insurance proceeds. It is well-established, however, that the Court must assess the existence of diversity jurisdiction at the time an action is filed. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991). As set out above, diversity jurisdiction

existed at the time of filing the Complaint for Interpleader Relief. Subsequent events do not divest

the Court of this jurisdiction. *See Freeport*, 498 U.S. at 428 ("if jurisdiction exists at the time an

action is commenced, such jurisdiction may not be divested by subsequent events."); Charles Alan

Wright et al., 13E Fed. Prac. & Proc. Civ. § 3608 (3d ed. 2017).[1] In fact, Defendants themselves

admit in their Answer that the Court has jurisdiction of this matter at the time of the filing of the

Complaint. *See* Doc. 11 at ¶ 8 (admitting allegation of Complaint that the Court has diversity

jurisdiction over this matter).

Further, even if discharging American General did divest the Court of its diversity

jurisdiction, the Court would still have supplemental jurisdiction over the claimants' remaining

claims. 28 U.S.C. § 1367; *see also* Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1710

(3d ed. 2017). Given that the Court had jurisdiction over American General's original claim for

interpleader relief, it can retain jurisdiction of the claimants' related claims to the life insurance

proceeds. Finally, if accepted, Defendants' argument would lead to results wholly inconsistent

with the policies underlying the interpleader remedy. The purpose of interpleader is to provide

relief for a stakeholder who might otherwise be threatened by multiple lawsuits and competing

judgments for a single source of funds. *See American Nat'l Ins. Co. v. Hansen*, Case No: 8:17-cv-

---

[1] *See also Leimbach v. Allen*, 976 F.2d 912, 917 (4th Cir. 1992) (dismissal of disinterested stakeholder does not destroy diversity jurisdiction if jurisdiction was present when action was filed); *Lodge on the Green Assocs. v. Comfed Sav. Bank*, 121 F.R.D. 3, 4 (D. Mass. 1988) (complete diversity exists in defensive interpleader action, in which possibly disinterested defendant interpleader-plaintiff brings in second claimant that is of same citizenship as other claimant); *Clifton v. Anthony*, 401 F. Supp. 2d 686, 688 (E.D. Tex. 2005) (complete diversity existed between stakeholder, a Florida Corporation, and claimants, all citizens and residents of Texas, even though stakeholder claimed no interest and was dismissed, because diversity existed at time suit was instituted); *Stewart Oil Co. v. Sohio Petroleum Co.*, 315 F.2d 759, 762 (7th Cir. 1963) (plaintiff stakeholder more than "nominal" stakeholder and therefore discharge did not eliminate diversity jurisdiction); *Georgia Sav. Bank & Trust Co. v. Sims*, 321 F. Supp. 307, 309 (N.D. Ga. 1971) (without discussion, court discharged disinterested stakeholder and held diversity jurisdiction was satisfied).

341-T-30JSS, 2017 U.S. Dist. LEXIS 81945, at *5 (M.D. Fla. May 30, 2017) (citing *Fulton v. Kaiser Steel Corp.*, 397 F.2d 580, 582-83 (5th Cir. 1968). If courts dismissed an interpleader action after it discharged the stakeholder but before the adverse claimants had litigated their competing claims, the claimants would be left to assert their claims in separate actions, once again exposing the stakeholder to numerous lawsuits and multiple liability. *See id.*

Defendants' jurisdictional arguments are due to be wholly rejected.

## B.      The Requirements for Interpleader Relief Are Present.

Defendants next argue that the Complaint for Interpleader Relief fails to state a claim for relief because "there are no rival claims between the defendants." Doc. 8 at ¶ 37. Specifically, Defendants assert that because counsel for Defendant Tina White included a sentence seeking to "appeal from the adverse claim determination in this case," this means there is no "competing claim" because American General has already "determined" her claim to be "invalid and has been denied." *Id*. (citing Letter dated September 9, 2020 from Counsel for Tina White to American General, attached as Exhibit D to Doc. 1). As a result, Defendants argue that rival claims do not exist. As an initial matter, American General has not "denied" any of the claims asserted to the insurance proceeds in this case. For purposes of this response, however, even *assuming* that American General had denied Defendant Tina White's claim for the policy proceeds, the requirements for interpleader relief would nevertheless be met. Rule 22(a) provides, in pertinent part:

(a) Grounds.

(1)     By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:

(A)      the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B)     *the plaintiff denies liability in whole or in part to any or all of the claimants*.

Fed. R. Civ. P. 22 (emphasis added). Thus, Rule 22 itself contemplates a situation whereby there are multiple claims against property in the possession of a stakeholder, some or all of which the stakeholder disputes. The Eighth Circuit has explained that both statutory interpleader and interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure are "designed to protect stakeholders not only from double or plural liability *but also from duality or plurality of suits*." *See Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977); *accord State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967) (explaining that the legislative purpose of the statute is "broadly to remedy the problems posed by multiple claimants to a single fund.").

In this case, the Complaint for Interpleader Relief alleges Defendants Jazmine White, Marquis White, Alice Townsend, and K.W. assert claims to the life insurance proceeds that are adverse to and inconsistent with the claim asserted by Defendant Tina White. *See* Doc. 1. Moreover, even a cursory review of the September 9, 2020 letter from counsel for Tina White makes clear that, despite any position taken by American General with respect to the merits of her claim, her demand for full payment of the life insurance policy proceeds nevertheless persists. As a result, American General was faced with the prospect of a "duality of suits" at the time the Complaint for Interpleader Relief was filed.[2] And, under Fed. R. Civ. P. 22(a)(1)(B), the issue of whether or not American General previously denied Defendant Tina White's claim is irrelevant to American General's entitlement to interpleader relief.

---

[2] Furthermore, as will be highlighted in Defendant Tina White's Answer, her claim to the life insurance policy proceeds indeed persists.

**C.      Deposit of Insurance Proceeds Is not a Jurisdictional Requirement for Interpleader Relief Under Fed. R. Civ. P. 22.**

Finally, Defendants argue that subject matter jurisdiction fails in this case because American General has failed to either deposit the policy proceeds into the Court's Registry or file a motion for permission to do so. Again, Defendants' argument misses the mark. As a threshold matter, at the time Defendants' Motion to Dismiss was filed, American General had already filed a Motion to Deposit Funds with the Court. *See* Doc. 6. American General's Motion to Deposit was granted on November 10, 2020 and the policy proceeds were deposited with the Court on November 13, 2020. *See* Doc. 7 and Unnumbered Clerk Notation dated November 13, 2020. But even if American General had not sought leave to deposit the insurance proceeds at issue, this Court would still have subject matter jurisdiction. Deposit of disputed property is not strictly required when proceeding under Rule 22 and diversity jurisdiction. *See, e.g., Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1291 (8th Cir. 1980) ("[N]o deposit was required since the interpleader action was brought pursuant to Rule 22 [.]"). Thus, Defendants' third and final misplaced argument for dismissal is also due to be rejected.

## CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss is due to be denied.

Dated: November 23, 2020                    Respectfully submitted,

                                            s/ Rebecca McLaughlin
                                            Rebecca McLaughlin #71969MO
                                            DOWD BENNETT LLP
                                            7733 Forsyth Blvd., Suite 1900
                                            St. Louis, MO 63105
                                            (314) 889-7300 (telephone)
                                            (314) 863-2111 (facsimile)
                                            rmclaughlin@dowdbennett.com

                                            and

                                            s/ Louis F. Mendez
                                            Louis F. Mendez #3698-E46JAL (*pro hac vice*)
                                            BRESSLER, AMERY & ROSS, P.C.
                                            2001 Park Place, Suite 1500
                                            Birmingham, AL 35203
                                            (205) 719-0400 (telephone)
                                            (205) 719-0500 (facsimile)
                                            lmendez@bressler.com

                                            Attorneys for Plaintiff American General
                                            Life Insurance Company

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing will be served on all Defendants as follows:

Hunter B. McMullin, Esq.
THE BOONSWANG LAW FIRM
hunter@boonswanglaw.com

**Via E-mail**

*Counsel for Defendant Tina White*

Jazmine Monique White
315 Chez Paree Drive
Hazelwood, MO 63042

**Via U.S. Mail First Class**

Marquis Antwan White
12050 Hidden Lake Drive
St. Louis, MO 63138

**Via U.S. Mail First Class**

K.W., a Minor
50 Rivermeadows Drive
Florissant, MO 63031

**Via U.S. Mail First Class**

Alice Townsend
1072 Ferngate Lane
St. Louis, MO 63141

**Via U.S. Mail First Class**

Granberry Mortuary, Inc.
8806 Jennings Station Road
St. Louis, MO 63136

**Via U.S. Mail First Class**

       s/ Rebecca McLaughlin