UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:20-cv-01586-SEP ) |
| TINA WHITE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Movants Jazmine White, Antwan White, and Alice Townsend's Motion to Dismiss Plaintiff American General Life Insurance Company's Complaint for Interpleader Relief. Doc. [8]. The Motion is fully briefed. For the reasons set forth below, the Motion will be denied.

**I.    FACTUAL BACKGROUND**[1]

Plaintiff American General is an insurance company incorporated in Texas with its principal place of business in Texas. Doc. [1] ¶ 1. In 2008, American General issued a $1 million life insurance policy to Jimmie White. *Id.* ¶ 11. Defendant Tina White, Jimmie White's spouse, was designated as the sole primary beneficiary in the policy application. *Id.* ¶ 12. No contingent beneficiary was designated. *Id.*

In June 2019, American General received a change-of-beneficiary form designating five people as beneficiaries of the policy. *Id.* ¶ 13. American General advised Jimmie White that it rejected the change-of-beneficiary form because the allocation among primary beneficiaries and the allocation among contingent beneficiaries did not each total 100%. *Id.* ¶ 14.

Later the same month, American General received a second change-of-beneficiary form designating Jimmie White's three children, Defendants Jazmine White, Antwan White, and

---

[1] These facts are as alleged in American General's Complaint. Doc. [1]. The Court assumes their truth for purposes of its analysis of the Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

1

K.W. (a minor), and his mother Alice Townsend as primary beneficiaries of the policy in equal share.  *Id.* ¶ 15.  Jimmie White died two months later.  *Id.* ¶ 16.

Upon Jimmie White's death, the policy's death benefit became due and payable.  *Id.* ¶ 17.  In the following month, Defendants Jazmine White, Antwan White, and Alice Townsend each submitted a claim for benefits.  *Id.* ¶¶ 18, 20.  Counsel for Defendant Tina White also notified American General of her claim to be "the correctly named valid beneficiary" of the policy.  *Id.* ¶ 19; Doc. [1-4].  In light of the rival claims to the proceeds of Jimmie White's life insurance policy, American General interpleaded those proceeds into this Court, naming all of the individuals who have asserted claims to the Policy proceeds and K.W. as Defendants.  Doc. [1] ¶¶ 23-24.  Defendants are all Missouri citizens.  *Id.* ¶¶ 2-7.

## II.     LEGAL STANDARD

The Movants move to dismiss American General's lawsuit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  To justify dismissal under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness" of its assertions.  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  In a factual challenge, the defendant challenges the factual truthfulness of the plaintiff's allegations, and the Court may consider matters outside the pleadings.  *Osborn*, 918 F.2d at 729-30.  In a facial challenge, the defendant claims the complaint "fails to allege an element necessary for subject matter jurisdiction."  *Titus*, 4 F.3d at 593 (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982)).  In that case, the Court presumes true "all of the factual allegations concerning jurisdiction," and evaluates the argument only on its legal merits.  *Id.*

## III.    DISCUSSION

Interpleader may be brought in federal court under either the Federal Interpleader Act, 28 U.S.C. § 1335, or under Federal Rule of Civil Procedure 22.  "The same principles apply to both statutory and Rule 22 interpleader, and the only differences between the two involve procedural requirements such as jurisdiction . . . ."  *Acuity v. Rex, LLC.*, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017) (citing *Wittry v. Nw. Mut. Life Ins. Co.*, 727 F. Supp. 498, 500 (D. Minn. 1989)); *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1703 (3d ed. 2020).  American General seeks interpleader relief pursuant to Rule 22 and not under the Federal Interpleader Act.  Doc. [1] ¶ 29.  The briefing on behalf of Movants betrays a

misunderstanding of the procedural differences between Rule 22 interpleader and statutory interpleader. Because Plaintiff brings this suit only under Rule 22, the Court will consider Movants' arguments regarding Plaintiff's failure to satisfy Rule 22 interpleader requirements and will ignore arguments regarding the rules of statutory interpleader. Two of Movants' arguments for dismissal based on lack of subject matter jurisdiction could apply to Plaintiff's Rule 22 interpleader: lack of diversity of citizenship and absence of rival claims to the insurance proceeds.[2]

### a. Diversity jurisdiction

American General's Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and requests interpleader relief under Federal Rule of Civil Procedure 22. Doc. [1] ¶¶ 8, 29. "Rule interpleader 'does not provide an independent basis for jurisdiction' but can 'be premised on the diversity statute.'" *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 976 (8th Cir. 2016) (quoting *Correspondent Servs. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 124 (2d Cir. 2003)). "Diversity jurisdiction exists 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States.'" *Id.* (quoting 28 U.S.C. § 1332(a)). Diversity jurisdiction under Section 1332 requires "complete diversity of citizenship" between the parties, meaning "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Shim v. ADT, LLC*, 2020 WL 6703285, at *1 (E.D. Mo. Nov. 13, 2020) (quoting *Little Otters of Love, LLC v. Rosenberg*, 724 F. App'x 498, 501 (8th Cir. 2018)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

American General has successfully pleaded all of the elements of diversity jurisdiction. Movants do not dispute that the plaintiff stakeholder, American General, is a citizen of Texas and that all claimants are citizens of Missouri. Doc. [8] ¶ 3; Doc. [11] ¶ 8. Movants also do not dispute that the amount in controversy exceeds $75,000. Doc. [11] ¶ 8. Thus, the requirements of diversity jurisdiction are satisfied.

---

[2] Movants' third argument—that American General's failure to deposit the insurance proceeds into the Court's Registry simultaneously with its filing of the Complaint deprives this Court of subject matter jurisdiction—is relevant only to cases of statutory interpleader. *See Bauer v. Uniroyal Tire Co.*, 630 F.2d 1287, 1291 (8th Cir. 1980) (noting that a Rule 22 interpleader action does not have a deposit requirement for jurisdiction); *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019) (describing the deposit requirement for statutory interpleader actions).

Movants erroneously argue that diversity jurisdiction will be lost if the Court discharges American General. "[I]f [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (citing *Mollan v. Torrance*, 9 Wheat. 537 (1824)); *Shim*, 2020 WL 6703285, at *1 ("The Court assesses diversity of citizenship at the time the plaintiff files the action."). Plaintiff pleads facts sufficient to establish diversity jurisdiction, and Movants admit that complete diversity existed at the time American General filed its complaint. Doc. [8] ¶ 3; Doc. [11] ¶ 8. Thus, the Court has subject matter jurisdiction over this case.

**b. Competing claims**

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." *Acuity v. Rex, LLC.*, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)); *see also* Fed. R. Civ. P. 22(a)(1) ("Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."). Interpleader is designed to protect stakeholders from a duality of suits. *Acuity*, 296 F. Supp. 3d at 1109 (quoting *Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306 (8th Cir. 1977)).

Movants contend that interpleader relief cannot be granted here because there are no rival claims to the insurance proceeds. Doc. [8] ¶ 37. They rely on a letter from Defendant Tina White's counsel to American General that sought to "appeal[] the adverse claim determination in this case." *Id.*; Doc. [1-4]. American General argues that, regardless of any position it has taken in response to Tina White's claim, her demand for full payment of the proceeds persists, and thus so does the prospect of a "duality of suits." Doc. [19] (citing *Dakota Livestock*, 552 F.2d at 1306).

The Court agrees that American General faces the prospect of a duality of suits. American General cannot simultaneously satisfy the claims of all Defendants to Jimmie White's life insurance policy. Movants Jazmine White, Antwan White, and Alice Townsend each claim a quarter of the insurance proceeds and demand that Defendant K.W. is owed the remaining quarter. Doc. [8] ¶ 37. Defendant Tina White claims entitlement to all of the proceeds as the sole valid beneficiary. Doc. [1] ¶ 19; Doc. [31] ¶ 17. If all Defendants were to

4

press their claims in litigation, American General could be exposed to double liability for Jimmie White's life insurance policy. Therefore, American General properly seeks interpleader relief. *See Primerica Life Ins. Co. v. Woodall*, 975 F.3d 697, 699-700 (8th Cir. 2020) (quoting *Douglas-Guardian Warehouse Corp. v. Ramy Seed Corp.*, 271 F.2d 24, 28 (8th Cir. 1959)) (interpleader "should be permitted liberally").

### IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movants' Motion to Dismiss Plaintiff's Complaint for Interpleader Relief (Doc. [8]) is **DENIED**.

Dated this 21st day of May, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE